IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED
APR 2 5 2013
CLERK OF CIRCUIT COURT #76
THIRD JUDICIAL CIRCUIT
MADISON COUNTY ILLINOIS

ASHLEY DUNCAN )
)
Plaintiff, )
)
vs. ) No. 13- L 639
)
CASEY'S RETAIL COMPANY )
)
Defendant.

## COMPLAINT

The Plaintiff, ASHLEY DUNCAN, by and through her attorney, Greg Roosevelt, for Complaint against the Defendant, CASEY'S RETAIL COMPANY states as follows:

### Count I
### Count I Retaliatory Discharge

1. The Plaintiff is a resident of Aviston, Clinton County, Illinois and is a citizen of Illinois.

2. The Defendant, Casey's Retail Company, Incorporated is a corporation which has multiple retail stores in Madison County, Illinois which are operated under the brand Casey's Retail Company.

3. The Plaintiff was hired in July of 2003 and worked as a cashier. The Plaintiff was made a store manager of Defendant's store located at 150 W. Route 50 in Beckmeyer, Clinton County, Illinois in February of 2010. Plaintiff was assigned to work the Maryville, Madison County, Illinois store in the summer of 2011 for a period of time and would during the course of her duties make deliveries of product to other stores in Madison County including the Troy and Highland stores.

EXHIBIT A

4. The Plaintiff worked under Area Supervisor who was responsible for 8 stores in Madison and Clinton Counties. The Area Supervisor mandated Plaintiff to work multiple parades in the summer of 2012 outside her normal work hours and without compensation. Plaintiff on July 25, 2012 put in a time request for pay for the parade activities. The Area Supervisor met with Plaintiff and immediately questioned and objected to Plaintiff's request for compensation for the same. The Area Supervisor became agitated and angry in the meeting directing that anger at Plaintiff for daring to ask compensation for the time she worked the parades. On July 27, 2012 the Plaintiff was called in and wrongfully discharged in retaliation for Plaintiff's requesting pay for time that she worked.

5. Said discharge violated the public policy of the State of Illinois in that plaintiff did nothing more than assert her rights under the Illinois Fair Labor Standards Act.

WHEREFORE, Plaintiff seeks damages against the Defendant exceeding $100,000 and for such other relief as allowed by law.

## Count II
### Intentional Infliction of Emotional Distress

As to Count II, the Plaintiff adopts and re-alleges paragraphs 1-5 of Count I and for Count II further states:

6. The Defendant knew that the Plaintiff had a lesser position of power in the employment relationship. Defendant repeatedly required Plaintiff to work off the clock. Plaintiff was required to work numerous parades without compensation. Plaintiff was subjected to angry and hostile behavior from her Area Supervisor when she requested compensation. This caused Plaintiff profound distress and when she requested to be paid, she was harassed and ultimately fired on false charges.

7. The Defendant's store actions were part of a course of conduct which was consistent and began even before the Plaintiff complained and sought the pay she was owed.

8. The Defendant should have reasonably have known that this would create tremendous emotional upset and distress to the Plaintiff. The Plaintiff was, in fact, subjected to an intolerable and unbearable work environment and finally on July 27, 2012 was wrongfully discharged in retaliation for her exercising her rights. Plaintiff had worked for 9 years and moved her way up from a cashier to a store manager.

9. The Defendants should have reasonably known that the wrongful discharge would cause tremendous distress and upset to the Plaintiff with worry over her financial condition, her loss of her career, loss of her benefits, and further upset. The Plaintiff suffered emotional distress, lost wages, and benefits with damages exceeding in excess of $100,000.

WHEREFORE, the Plaintiff seeks damages against the Defendant exceeding $100,000 and for such other relief as allowed by law.

### Count III
### Wrongful Discharge

The Plaintiff for Count III re-alleges paragraphs 1 through 5 of Count I, paragraphs 6 through 9 of Count II and for Count III further states:

10. Plaintiff's discharge violated the established policy and procedure of the Defendant in using progressive discipline. The Plaintiff had never been warned or issued any kind of disciplinary action, or otherwise coached on any of the asserted grounds for this termination.

11. The Plaintiff had been trained as a manager but she specifically lacked the authority to terminate any employee unless she had used and followed progressive discipline.

Plaintiff understood and expected in her own employment relationship that progressive discipline would then be followed. This was consistent with the policy she was trained in and, the company's direction that she could not fire without using progressive discipline, and the written materials provided her regarding the use of progressive discipline including the disciplinary form to be followed in issuing discipline to employees.

12. Plaintiff reasonably expected that progressive discipline would be followed. Progressive discipline was not followed in this instance and Plaintiff was terminated without just cause. Plaintiff in no manner violated any established rule or procedure of the Defendant.

13. As a direct result the Plaintiff has lost wages and benefits, suffered emotional distress and upset, and her damages exceed $100,000.

WHEREFORE, the Plaintiff seeks damages against the Defendant exceeding $100,000 and for such other relief as allowed by law.

Respectfully submitted,

Greg Roosevelt, #02375427
Attorney for Plaintiff
Roosevelt Law Office
610 St. Louis Street
Edwardsville, IL 62025
618-656-9160 / 618-692-9718 Fax
gregroosevelt@gmail.com

## AFFIDAVIT

The Affiant, ASHLEY DUNCAN, to the best of her information and belief affirms that the damages in her case exceed $50,000.

Dated this 22nd day of March, 2013.

*Ashley Duncan*
ASHLEY DUNCAN

Subscribed and sworn to before me this 22nd day of March, 2013.

*Linda M. Wombacher*
NOTARY PUBLIC

OFFICIAL SEAL
LINDA M. WOMBACHER
Notary Public - State of Illinois
My Commission Expires Nov 22, 2014