IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ASHLEY DUNCAN,

Plaintiff,

v.

CASEY'S RETAIL COMPANY,

Defendant.                                    13-cv-608-DRH-SCW

### MEMORANDUM and ORDER

HERNDON, Chief Judge

## I.      Introduction

Now before the Court is defendant Casey's Retail Company's (CRC) motion to dismiss plaintiff Ashley Duncan's (Duncan) first amended complaint (Doc. 19). CRC moves to dismiss Duncan's one-count first amended complaint under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), arguing Duncan fails to state a claim for violation of the Illinois Whistleblower Act (IWA), 740 ILCS 174/1 *et seq*. Specifically, CRC contends that Duncan's claim for retaliatory discharge under the IWA fails because Duncan "does not (and cannot) allege she made any complaints to a government or law enforcement agency, which is required to state a claim under the IWA" (Doc. 19).   Duncan opposes the motion (Doc. 21).  Based on the

following, the Court **GRANTS** CRC's motion to dismiss without prejudice and grants Duncan leave to amend her claim.

## II.    <u>Background and Allegations</u>

CRC removed this action from Madison County, Illinois to this Court on June 24, 2013 (Doc. 2). Duncan began working as a cashier at a CRC store in July 2003. She eventually became a CRC store manager in February 2010 (Doc. 14, ¶ 3). Duncan worked under an "Area Supervisor." The Area Supervisor "mandated" that Duncan:

> [W]ork multiple parades in the summer of 2012 outside her normal work hours and without compensation. [Duncan] on July 25, 2012[,] put in a time request for pay for the parade activities. The Area Supervisor met with [Duncan] and immediately questioned and objected to [Duncan's] request for compensation for the same. The Area Supervisor became agitated and angry in the meeting directing that anger at [Duncan] for daring to ask [for] compensation for the time she worked the parades. On July 27, 2012[,] [Duncan] was called in and wrongfully discharged in retaliation for [Duncan's] requesting pay for time that she worked.

(Doc. 14, ¶ 4).

Duncan initially claimed retaliatory discharge, intentional infliction of emotional distress, and wrongful discharge in violation of CRC's established policies and procedures (Doc. 2-1). On August 23, 2013, the Court granted Duncan's request for leave to file a one-count first amended complaint against CRC. Duncan's first amended complaint alleges one claim for retaliatory discharge under the IWA (Doc. 14). Duncan alleges she believes CRC's conduct was wrongful under the Illinois Wage Payment and Collection Act (IWPCA), 820

ILCS 115/1 *et seq.*, complained to her manager, and that CRC wrongfully discharged her in violation of the IWA, 740 ILCS 174/20, for asserting her rights under the IWPCA (Doc. 14, ¶¶ 6-9).

### III.   Legal Standard

A Rule 12(b)(6) motion challenges the sufficiency of the complaint to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chicago Lodge 7,* 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), that Rule 12(b)(6) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face."

In making this assessment, the district court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Rujawitz v. Martin*, 561 F.3d 685, 688 (7th Cir. 2009); *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Even though *Twombly* (and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)) retooled federal pleading standards, notice pleading remains all that is required in a complaint. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008) (citations and quotations omitted).

With these principles in mind, the Court turns to Duncan's one-count first amended complaint.

### IV.    Analysis

Duncan's first amended complaint alleges retaliatory discharge under the IWA. CRC argues dismissal is required as the IWA only prevents an employer from retaliating against an employee who, "discloses information to a government or law enforcement agency," reasonably believed to constitute a violation of a "State or federal law, rule, or regulation." *See* 740 ILCS 174/15. As Duncan does not allege disclosure to a government or law enforcement agency regarding CRC's alleged violation of the IWPCA, CRC calls for dismissal of Duncan's first amended complaint.  On the basis of the plain language of Section 15, the undersigned has previously held that a plaintiff insufficiently alleges a claim for retaliation under Section 15 of the IWA where he or she merely alleges disclosure to his or her company and not to a government or law enforcement agency.  *Smith v. Madison Mut. Ins. Co.*, 2005 WL 1460301, *1 (S.D. Ill. 2005) (Herndon, J.). Duncan's first amended complaint merely alleges she "made a complaint to her manager" concerning her request for compensation. Thus, to the extent Duncan alleges a claim under Section 15 of the IWA, her allegations are insufficient to state a claim for relief.

While CRC ignores Duncan's citation to a specific provision of the IWA, the Court must note that Duncan cites 740 ILCS 174/20, not 740 ILCS 174/15, as the

basis for the relief she seeks. Section 20 prohibits employers from retaliating against employees for "refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation." *See* 740 ILCS 174/20.

Duncan's response to CRC's motion states that Section 20 does not require a report to "any police or law enforcement agency." While Section 20 does not appear to require disclosure to a government or law enforcement agency, the Court finds Duncan has still failed to sufficiently allege a violation of Section 20 of the IWA. Duncan does not sufficiently allege that she refused to participate in an activity that would result in a violation of a law or regulation. *See Sardiga v. Northern Trust Co.*, 948 N.E.2d 652, 657 (Ill. App. Ct. 2011) (Under Section 20, "'refusing' means refusing; it does not mean 'complaining' or 'questioning.'"); s*ee also Robinson v. Alter Barge Line, Inc.*, 513 F.3d 668, 670 (7th Cir. 2008).

On the face of the first amended complaint, Duncan does not sufficiently allege that she refused to work the parades without compensation, or even that working the parades without compensation would result in a violation of a State or federal law, rule, or regulation. This is not to say that such allegations would survive dismissal, the Court merely notes that Duncan's amended complaint is wholly insufficient to withstand dismissal at this time.

## V.     <u>Conclusion</u>

On the basis of the above, the Court **GRANTS** CRC's motion to dismiss Duncan's amended complaint (Doc. 19). Duncan's first amended complaint is dismissed without prejudice. Duncan is granted leave to file a second amended complaint on or before **December 2, 2013.**

**IT IS SO ORDERED**.

Signed this 30th day of October, 2013.

Digitally signed by
David R. Herndon
Date: 2013.10.30
14:30:24 -05'00'

**Chief Judge**
**United States District Court**